**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANE SMALL,

*Plaintiff*,

v.

RAHWAY BOARD OF EDUCATION &
PATRICIA CAMP,

*Defendants*.

Civil Action No. 17-1963

**OPINION & ORDER**

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the Complaint **IN PART** and without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failing to state a claim upon which relief can be granted.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Plaintiff, a sixty-year old African-American woman, alleges that she was a substitute custodian for the Rahway Board of Education. Plaintiff was allegedly hired as a full-time custodian but before she started, Defendants informed her that she could not start her new job due to a positive drug test result. Plaintiff maintains that Defendants refused to consider a note from her doctor explaining that she has a medical condition that caused a false positive test result. D.E. 1 at 7-8, D.E. 1-1. Plaintiff states that Defendants hired a younger, white male for the custodian position. D.E. 1-1. Plaintiff's Complaint asserts claims for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").

A plaintiff must comply with the procedural requirements set forth in Title VII before bringing employment discrimination charges under the ADA or Title VII. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (applying Title VII procedural requirements to ADA discrimination claim). Title VII, and therefore the ADA, requires that a complainant file a "charge" and receive a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit in the district court. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). If a plaintiff brings suit under Title VII or the ADA before receiving a "right to sue letter," the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. *See, e.g., Robinson v. Univ. of Med. & Dentistry of N.J.*, No. 06-1158, 2006 WL 3371748, at *2 (D.N.J. Nov. 17, 2006) (granting motion to dismiss ADA claims where plaintiff admitted that she did not file an EEOC charge or receive a right to sue letter).

Here, Plaintiff attached her charge of discrimination to the Complaint, which is dated November 21, 2016, along with communications with the EEOC. D.E. 1-1. Therefore, it is clear that she filed a charge with the EEOC. Plaintiff, however, does not include a right to sue letter with her filing. As a result, Plaintiff's Title VII and ADA claims are dismissed without prejudice. Plaintiff may reassert these claims if she provides the Court with a copy of her right to sue letter.

A plaintiff, however, need not receive a right to sue letter to assert a claim under the ADEA. *Covington v. URS Corp.*, No. 11-4516, 2013 WL 2181282, at *2 (D.N.J. May 20, 2013) (citing 29 U.S.C. § 626(d)). "After filing a charge with the EEOC, the complainant must wait at least 60 days before commencing a federal suit under the ADEA." Because more than sixty days have elapsed since Plaintiff filed her charge with the EEOC, Plaintiff may proceed with her ADEA

claim. Therefore, the Court will consider whether Plaintiff's age discrimination claim was plausibly pled.

To make out a *prima facie* case for age discrimination under the ADEA, a plaintiff must demonstrate that: "(1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013). Viewing the Complaint and information she provided to the EEOC liberally, as the Court must do since Plaintiff is proceeding *pro se*, Plaintiff makes out a *prima facie* ADEA claim. Plaintiff states that she is 60 years old and was not permitted to work as a full time custodian after she was told that she was hired. *See* D.E. 1, D.E. 1-1. Because Plaintiff was already working as a substitute custodian, the Court infers that Plaintiff was qualified for the position. Finally, Plaintiff states that Defendants hired a younger male for the full-time custodian position. *Id.* Consequently, Plaintiff's ADEA claim may proceed.

For the reasons set forth above and for good cause shown,

IT IS on the 6th day of April, 2017

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims under the ADA and Title VII are **DISMISSED** without prejudice pursuant to 28 US.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff, however, is granted leave to file an amended complaint asserting her ADA and Title VII claims within thirty (30) days provided that she includes a copy of her right to sue letter from the EEOC; and it is further

**ORDERED** that Plaintiff sets forth a *prima facie* claim for age discrimination under the ADEA. Thus, the Clerk of the Court shall file the Complaint as to Plaintiff's ADEA claim; and it is further

**ORDERED** that the Clerk issue a summons and the U.S. Marshal serve a copy of the complaint, summons and this order upon Defendants as directed by Plaintiff. All costs of service shall be advanced by the United States; and it is further

**ORDERED** that the Clerk shall serve this Order and the accompanying Opinion upon Plaintiff by certified mail.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.