Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANE SMALL,

    *Plaintiff*,

v.

RAHWAY BOARD OF EDUCATION &
PATRICIA CAMP,

    *Defendants*.

Civil Action No. 17-1963

**OPINION & ORDER**

This matter comes before the Court on Defendants Rahway Board of Education and Patricia Camp's (collectively "Defendants") renewed motion to dismiss[1] the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] D.E. 9. Defendants supplemented this motion. D.E. 18. Plaintiff Jane Small ("Plaintiff") filed a brief in opposition, D.E. 10, and then also supplemented that opposition. D.E. 19. Defendants replied to Plaintiff's opposition.[3] D.E. 20.

---

[1] Per the Court's Order on November 29, 2017 (D.E. 17), Defendants' first motion to dismiss (D.E. 9) was returned to the active docket when Defendants submitted a letter requesting its reinstatement on December 14, 2017. Defendants' second motion to dismiss (D.E. 18) will be treated as supplementing their initial motion.

[2] The Court notes that Plaintiff Jane Small filed a letter in lieu of an Amended Complaint addressing the deficiencies noted in the Court's April 6, 2017 Opinion and Order. D.E. 11. Plaintiff also filed letters rather than opposition briefs in response to Defendants' motions to dismiss. D.E. 10, 19. Plaintiff is proceeding *pro se*, and, consequently, the Court construes Plaintiff's pleadings liberally and holds them to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As a result, the Court will treat Plaintiff's letters as an Amended Complaint and as an opposition to the Defendants' motion.

[3] In this Opinion, Defendants' motion to dismiss (D.E. 9) will be referred to as "Def. Brf." Defendants' supplemented motion to dismiss (D.E. 18) will be referred to as "Def. Sup. Brf." Plaintiff's brief in opposition (D.E. 9) will be referred to as "Pl. Opp." Plaintiff's supplemented

The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[4] For the reasons stated below, Defendants' motion to dismiss and supplemental motion to dismiss are **GRANTED**.

I. BACKGROUND

A. Factual Background

Plaintiff is an African-American woman of over sixty years of age who, prior to 2016, had worked as a substitute custodian for the Rahway Board of Education. D.E. 1 at 3. Defendants are the Rahway Board of Education and the Superintendent of the Rahway Public School District, Patricia Camp. *Id.*

Plaintiff alleges that the Rahway Board of Education hired her in August 2016 as a full-time custodian to begin in September 2016. *Id.* at 7. However, on August 31, 2016, the principal of one of the Rahway schools, Mr. Johnson, called Plaintiff to inform her that she could not start her new job due to a positive drug test result. *Id.* The drug test was conducted by an outside testing facility, Care Station Medical Group. D.E. 10 at PG. ID 105. The drug test states that Plaintiff tested positive for cocaine on August 22, 2016.[5] *Id.* Plaintiff maintains that Defendants

---

opposition brief (D.E. 19) will be referred to as "Pl. Sup. Opp." Defendants' reply brief (D.E. 20) will be referred to as "Def. Rep."

[4] Pursuant to the Court's Order on November 29, 2017 (D.E. 17), Plaintiff was to submit any opposition to Defendants' motion to dismiss by January 5, 2018. Neither Defendants nor the Court received Plaintiff's opposition until January 12, 2018. Therefore, Defendants request that the Court disregard Plaintiff's opposition. Def. Rep. at 2. Because Plaintiff is proceeding *pro se*, the Court will consider Plaintiff's opposition (D.E. 19), notwithstanding its tardiness. *See Haines*, 404 U.S. at 520.

[5] In her Complaint, Plaintiff makes reference several times to a failed drug test and allegedly mitigating doctors' notes. D.E. 1. These documents are attached to a subsequent pleading. D.E. 10. Plaintiff's allegations are clearer when considering these documents in conjunction with the Rahway School District Policy attached to the Defendants' motion to dismiss. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v.*

2

refused to consider a note from her doctor explaining that she has a medical condition that caused a false positive test result.[6] D.E. 1-1 at 6-8. Plaintiff's doctors' notes list medications prescribed to Plaintiff. D.E. 10 at PG. ID 102-03. The notes, however, do not explain or support Plaintiff's claim of a "false positive" result.

Plaintiff states that Defendants refused to consider her doctors' notes and hired a younger, white male for the custodial position instead of her. D.E. 1-1. Defendants argue that they adhered to the Rahway Public School District Policy 4119.23 in not hiring Plaintiff after she failed the pre-employment drug screening. Def. Sup. Brf. at 5; D.E. 18. The Policy, in relevant part, reads, "[p]re-employment testing shall be administered to an applicant offered a position in the district prior to the first time the employee performs any safety-sensitivity function for the district. An applicant who tests positive will not be hired for any safety-sensitive position." *Id.*; File 4119.23 Employee Substance Abuse; D.E. 18-3.

### B. Procedural History

On March 24, 2017, Plaintiff filed an application to proceed *in forma pauperis* and included her Complaint. D.E. 1. The Complaint alleges claims for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). The Court granted Plaintiff's application to proceed *in forma pauperis*. D.E. 2. After screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court also allowed Plaintiff's ADEA claim to go forward. *Id.*

---

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[6] Plaintiff alleges that a singular doctor's note was not considered. However, later she attaches two letters from different doctors.

3

However, the Court dismissed Plaintiff's claims under the ADA and Title VII without prejudice for failure to state a claim. *Id.* Specifically, the Court noted that Plaintiff had not attached a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") as required to bring an ADA or Title VII claim. *Id.* The Court, nevertheless, granted Plaintiff leave to file an amended complaint correcting the noted deficiencies in the ADA and Title VII claims within thirty (30) days. *Id.*

On September 13, 2017, Defendants filed a motion to dismiss the Complaint. D.E. 9. On October 26, 2017, Plaintiff filed a letter, attaching a right to sue letter from the EEOC. D.E. 11. The following day, Plaintiff filed a brief in opposition to Defendants' motion to dismiss. D.E. 10. Defendants then filed a letter with the Court objecting to Plaintiff's late submission of opposition and her failure to respond to the Court's instructions in its April 6th Opinion and Order. D.E. 12.

Consequently, the Court ordered Plaintiff to show cause why she had not filed a timely opposition or an Amended Complaint. D.E. 13. On November 29, 2017, the Court heard oral argument from both parties on the order to show cause. Afterwards, the Court ordered that Plaintiff's October 26, 2017 letter, which included a right to sue letter from the EEOC (D.E. 11), sufficiently addressed the deficiencies noted in the Court's April 6, 2017 Opinion and Order, D.E. 2, so that the ADA and Title VII claims could also go forward. D.E. 17. Because Plaintiff is proceeding *pro se*, the Court excused Plaintiff's tardiness. Further, the Court administratively terminated Defendants' motion to dismiss but stated that Defendants could later reinstate and supplement their motion. *Id.*

On December 14, 2017, Defendants renewed their motion to dismiss and filed supplemental briefing. D.E. 18. Plaintiff, belatedly, filed a supplemental brief in opposition. D.E.

19. Defendants replied to this opposition. D.E. 20. Plaintiff then filed a letter with the Court, attaching a drug test dated November 3, 2018 for employment with Gem Limousine. D.E. 21.

## II. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. In deciding a motion to dismiss, the Court may also consider any "document integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation and emphasis omitted)). Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if

the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines*, 404 U.S. at 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. <u>LEGAL ANALYSIS</u>

As noted above, Plaintiff asserts claims against Defendants for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Thus, the Court has federal question jurisdiction over this matter.[7]

*A. Title VII of the Civil Rights Act of 1964*

---

[7] In addition to refuting the substantive elements of Plaintiff's claims of discrimination, Defendants raise the defense of qualified immunity for Plaintiff's claims against Patricia Camp. Def. Brf. at 13. Also, to the extent that Plaintiff is suing Ms. Camp in her (Camp's) individual capacity under Title VII, the ADA, and the ADEA, Plaintiff may not do so. Courts have been clear that Title VII, the ADA, and the ADEA do not provide for individual liability. *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 (3d Cir. 2006) (finding that "the ADEA does not provide for individual liability"); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (finding that "while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII"); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (holding "that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA"). However, the Court does not reach the qualified immunity or individual liability issues because the matter is being dismissed on other grounds.

Plaintiff alleges that Defendants discriminated against her because of her race (African-American) and gender (female) in violation of Title VII. To support this allegation, Plaintiff states that she is an African-American woman and that Defendants "hired a younger white male for the position" of a custodian in the Rahway School District instead of her. D.E. 1-1.

To state a *prima facie* case of discrimination under Title VII of the 1964 Civil Rights Act, a plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)).

Here, Plaintiff has not alleged sufficient facts to state a valid claim for relief under Title VII. While Plaintiff belongs to a protected class (based on both her race and gender), those facts alone do not raise an inference of discriminatory animus. Plaintiff received a preliminary offer of employment for the custodial position from the Rahway School District, evidencing that she met some of the required qualifications for the position. However, as Plaintiff points out in her Complaint, she was informed of her ineligibility for the position after failing a pre-employment drug test. D.E. 1-1. Thus, Plaintiff alleges facts indicating that she was not qualified for the custodial position because she failed to meet a necessary prerequisite, that is, passing the drug screen. The drug screen is not discriminatory and applies to relevant potential employees. Further, Plaintiff fails to allege facts illustrating that the circumstances present here raise a reasonable inference of Defendants taking discriminatory action against her. Defendants' hiring of another

applicant, after Plaintiff failed the drug test, in no way suggests racial or gender animus. Therefore, Plaintiff's Title VII claim is dismissed.

### B. The Age Discrimination in Employment Act

Plaintiff also alleges that Defendants discriminated against her because of age (over sixty years of age) in violation of the ADEA. To support this allegation, Plaintiff again points out that she is over sixty years old and that Defendants "hired a younger white male for the position" of a custodian in the Rahway School District instead of her. D.E. 1-1

To make out a *prima facie* case for age discrimination under the ADEA, a plaintiff must demonstrate that: "(1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013).

Here, Plaintiff has failed to make out a *prima facie* case of age discrimination under the ADEA. Plaintiff states that she was born in 1956. D.E. 1. Thus, she sufficiently alleges that she is over forty years of age. Further, Plaintiff states that the Rahway School District rescinded her offer of employment. As a result, Plaintiff also sufficiently alleges that an adverse employment action was taken against her. However, Plaintiff has not shown that she was qualified for the custodial position in question. In her Complaint, Plaintiff states that she was "hired pending a drug test," "informed [she] failed the drug test," and, therefore, "informed [she] was not eligible for the position." D.E. 1-1. While Plaintiff argues that her doctors' notes show that the drug test resulted in a false positive, the notes do not do so. The notes simply list medications prescribed to Plaintiff, but they do not explain why her drug screening showed cocaine. Thus, Plaintiff has not shown

8

that she is qualified for the custodial position and, consequently, has not alleged a *prima facie* case of age discrimination. Plaintiff's ADEA claim is dismissed.

   *C. The Americans with Disabilities Act*

Finally, Plaintiff alleges that Defendants discriminated against her because of a disability in violation of the ADA. In support of this claim, Plaintiff checked a box on the *in forma pauperis* application stating that Defendants had discriminated against her due to her disability. D.E. 1. Plaintiff did not specify her alleged disability.

To establish a *prima face* case of discrimination under the ADA, "the plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (internal quotation and citation omitted).

Here, Plaintiff has not plausibly pled a *prima facie* case of discrimination under the ADA. First, Plaintiff has not alleged plausible facts showing she is a disabled person within the meaning of the ADA. Instead, Plaintiff merely indicates that she has a disability without further elaboration. While Plaintiff references doctors' notes several times in her Complaint, she does not state why she is seeing a doctor or how the medical treatment is linked to a specific disability. The doctors' notes also do not clarify why Plaintiff is in these physicians' care. Moreover, even if Plaintiff is a disabled person within the meaning of the ADA, she still has not shown that she is otherwise qualified to perform the essential functions of the custodial job. Again, Plaintiff's preliminary job offer was for a custodial position in the Rahway School District. In her Complaint, Plaintiff states that the job offer was rescinded when she tested positive on a drug test. Thus, after testing positive

on the drug test, Plaintiff was not otherwise qualified to perform the essential functions of the custodial job. Therefore, Plaintiff's ADA claim is dismissed.

*D. Leave to Amend*

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. In light of the noted deficiencies, the Court has real concerns that any attempt to amend would be futile. However, because Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if she was represented by counsel, the Court will grant her an opportunity to amend her pleadings and plausibly state her allegations.

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 26th day of January, 2018,

**ORDERED** that Defendants' motion to dismiss (D.E. 9) and supplemental motion to dismiss (D.E. 18) pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted are **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims under Title VII, the ADEA, and ADA are dismissed without prejudice; and it is further

**ORDERED** that if Plaintiff so chooses, she may file an Amended Complaint within thirty (30) days addressing the deficiencies noted above. If Plaintiff does not do so, her case will dismissed with prejudice, which means that she will be prohibited from bringing a future lawsuit against Defendants based on the allegations her pleadings; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by certified mail.

                                         _____
                                         JOHN MICHAEL VAZQUEZ, U.S.D.J.