## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JANE SMALL,

    *Plaintiff*,

v.

RAHWAY BOARD OF EDUCATION & PATRICIA CAMP,

    *Defendants*.

Civil Action No. 17-1963

**OPINION**

This matter comes before the Court on Defendants Rahway Board of Education and Patricia Camp's (collectively "Defendants") motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 30. Plaintiff Jane Small ("Plaintiff") filed a brief in opposition, D.E. 34,[1] to which Defendants replied, D.E. 38. Plaintiff then filed a sur-reply brief. D.E. 39.[2] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

---

[1] The Court notes that Plaintiff Jane Small filed letters in lieu of both an opposition brief and a sur-reply brief. D.E. 34, 39. Because Plaintiff is proceeding *pro se* so that she is not held to the same standard as license attorneys, the Court will treat Plaintiff's letters as an opposition brief and sur-reply brief to Defendants' motion.

[2] In this Opinion, Defendants' motion to dismiss (D.E. 30) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 34) will be referred to as "Pl. Opp." Defendants' reply brief (D.E. 38) will be referred to as "Def. Rep." Plaintiff's sur-reply brief (D.E. 39) will be referred to as ("S. Rep.").

## I. FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of the pending motion, the Court does retrace this case's factual and procedural history. The Court's January 26, 2017 Opinion screening Plaintiff's Amended Complaint, D.E. 22, includes a detailed recounting of the background of this matter. To the extent relevant to this motion, the Court incorporates the factual and procedural history into this Opinion and instead merely summarizes the critical facts and procedural history here.

Plaintiff is a sixty-year-old African-American woman who, prior to 2016, had worked as a substitute custodian for the Rahway Board of Education. Defendants are the Rahway Board of Education and the Superintendent of the Rahway Public School District, Patricia Camp. In August 2016, the Rahway Board of Education preliminary hired Plaintiff as a full-time custodian to begin in September 2016. However, on August 31, 2016, the principal of one of the Rahway schools informed Plaintiff that she could not start her new job due to a positive drug test result for cocaine. Plaintiff maintains that Defendants refused to consider her doctors' notes and hired a younger, white male for the custodial position instead of her. Defendants argue that they adhered to the Rahway Public School District Policy 4119.23 in not hiring Plaintiff after she failed the pre-employment drug screening.

Plaintiff filed a Complaint on March 24, 2017. D.E. 1. On April 6, 2017, the Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915 but dismissed the Complaint's American with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII") claims without prejudice. D.E. 2. Plaintiff then filed her First Amended Complaint on October 26. 2017.[3] Defendants filed a motion to dismiss the Amended Complaint. D.E. 9. On

---

[3] On September 13, 2017, Defendants filed a motion to dismiss the Complaint. D.E. 9. On October 26, 2017, Plaintiff filed a letter, attaching a right to sue letter from the EEOC. D.E. 11. The following day, Plaintiff filed a brief in opposition to Defendants' motion to dismiss. D.E.

2

January 26, 2017, the Court granted Defendant's motion to dismiss. D.E. 22. The Court, nevertheless, granted Plaintiff leave to file a Second Amended Complaint within thirty (30) days. *Id.*

On March 16, 2018, Plaintiff filed a Second Amended Complaint ("SAC"). D.E. 26. The allegations in the Second Amended Complaint are somewhat unclear. Plaintiff appears to be alleging violations under the ADEA, New Jersey Law Against Discrimination ("NJLAD"), the Fourteenth Amendment, the Fifth Amendment, and the First Amendment. Plaintiff had previously raised claims under the ADA and Title VII. The Court, twice before, dismissed Plaintiff's ADA and Title VII claims without prejudice. D.E. 2, 22. Plaintiff does not raise claims under either the ADA or Title VII in her Second Amended Complaint. Therefore, Plaintiff's ADA and Title VII claims against Defendants are dismissed with prejudice.

## II. **LEGAL STANDARD**

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

10. Defendants then filed a letter with the Court objecting to Plaintiff's late submission of opposition and her failure to respond to the Court's instructions in its April 6th Opinion and Order. D.E. 12.

Consequently, the Court ordered Plaintiff to show cause why she had not filed a timely opposition or an Amended Complaint. D.E. 13. On November 29, 2017, the Court heard oral argument from both parties on the order to show cause. Afterwards, the Court ordered that Plaintiff's October 26, 2017 letter, which included a right to sue letter from the EEOC (D.E. 11), sufficiently addressed the deficiencies noted in the Court's April 6, 2017 Opinion and Order, D.E. 2, so that the ADA and Title VII claims could also go forward. D.E. 17. Because Plaintiff is proceeding *pro se*, the Court excused her tardiness in filing.

inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. In deciding a motion to dismiss, the Court may also consider any "document integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation and emphasis omitted)). Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines*, 404 U.S. at 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III. LEGAL ANALYSIS

As noted, in her Second Amended Complaint, Plaintiff asserts claims against Defendants for employment discrimination under the Age Discrimination in Employment Act ("ADEA") and New Jersey Law Against Discrimination ("NJLAD"). In addition, for the first time, Plaintiff raises a due process claim under the Fourteenth Amendment and Fifth Amendment as well as a First Amendment claim. SAC at 1.

### A. Age Discrimination in Employment Act ("ADEA")

In the SAC, Plaintiff again alleges that Defendants discriminated against her because of age in violation of the ADEA. In support, Plaintiff again points out that she is over sixty years old and that Defendants hired a thirty-year-old Caucasian male with less experience than Plaintiff. SAC at 1.

To make out a *prima facie* case for age discrimination under the ADEA, a plaintiff must demonstrate that: "(1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013).

Here, as in the First Amended Complaint, Plaintiff fails to make out a *prima facie* case of age discrimination under the ADEA. Plaintiff simply re-alleges the same facts in the SAC that the Court already found insufficient when analyzing Plaintiff's ADEA claim in her First Amended Complaint. Plaintiff states that she is sixty years old. SAC at 2. Thus, she sufficiently alleges that she is over forty years of age. Further, Plaintiff states that the Rahway School District rescinded a preliminary offer of employment as a custodian. *Id.* As a result, Plaintiff also sufficiently alleges that an adverse employment action was taken against her. However, Plaintiff

has not shown that she was qualified for the custodial position in question. In the SAC, Plaintiff states that Defendants rescinded their employment offer when Plaintiff tested positive for a drug test. *Id.* Thus, Plaintiff alleges facts indicating that she was not qualified for the custodial position because she failed to meet a necessary prerequisite, that is, passing the drug screen. Therefore, Plaintiff, once again, has not shown that she is qualified for the custodial position and, consequently, has not alleged a *prima facie* case of age discrimination. Plaintiff's ADEA claim is dismissed with prejudice.

      **B.**     **New Jersey Law Against Discrimination ("NJLAD")**

In the SAC, Plaintiff alleges that Defendants discriminated against her in violation of "N.J. ANTI DISCRIMINATION LAWS." SAC at 1 (capitalization in original). The SAC, however, does not identify any specific state discrimination law. The Court presumes that Plaintiff seeks to bring her claim under the NJLAD pursuant to supplemental jurisdiction, 28 U.S.C. § 1367.[4]

The New Jersey Supreme Court has ruled that the United States Supreme Court's test in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) is the starting point for analyzing a claim under the NJLAD. *Bergen Commercial Bank v. Sisler*, 157 N.J. 188, 210 (1999). The *McDonell Douglas* test is a three-stage process: (1) the plaintiff must present sufficient evidence to establish a *prima facie* case of discrimination; (2) the defendant must then provide a legitimate non-discriminatory reason for its decision; and (3) the plaintiff must then have an opportunity to argue that defendant's stated reason was pretextual or discriminatory in its application. *Dixon v. Rutgers, The State Univ. of New Jersey*, 110 N.J. 432, 442 (1988).

---

[4] In cases involving both federal and state claims, district courts have supplemental jurisdiction over the state claims when "they are so related to [the federal] claims . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Indeed, the state and federal claims must "derive from a common nucleus of operative facts." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

The first stage, where the plaintiff must make out a *prima facie* case of discrimination, "is met when the plaintiff shows that 'it is more likely than not' that the employer's actions were based on unlawful considerations." *Dixon*, 110 N.J. at 443 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). To do so, a plaintiff must allege the following: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for the rank or position sought; (3) plaintiff was denied promotion, reappointment, or tenure; and (4) others with similar or lesser qualifications achieved the rank or position. *Dixon*, 110 N.J. at 443 (citations omitted).[5]

Here, Plaintiff has not alleged sufficient facts to state a plausible claim for relief under the NJLAD. While Plaintiff belongs to a protected class (based on both her race and gender), those facts alone do not raise an inference of discriminatory animus. Plaintiff received a preliminary offer of employment for a custodial position from the Rahway School District, evidencing that she met some of the required qualifications for the position. However, as Plaintiff points out in her SAC, she was informed of her ineligibility for the position after failing a pre-employment drug test. SAC at 2. Thus, here too, Plaintiff alleges facts indicating that she was not qualified for the custodial position because she failed to meet a necessary prerequisite. Further, Plaintiff fails to allege facts illustrating that the circumstances present here raise a reasonable inference of Defendants taking discriminatory action against her. Defendants' hiring of another applicant, after

---

[5] The Court notes that the elements required to establish a *prima facie* claim under the NJLAD mirror the elements required to establish a prima facie claim under Title VII of the 1964 Civil Rights Act. To state a *prima facie* case of discrimination under Title VII, a plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)). The Court has twice before dismissed Plaintiff's discrimination claims brought under Title VII. *See* D.E. 2, 22. Therefore, the SAC is not Plaintiff's first attempt to allege these elements, albeit pursuant to a different statute.

7

Plaintiff failed the drug test, in no way suggests racial or gender animus. Therefore, Plaintiff's NJLAD claim is dismissed with prejudice.

C.  **Due Process Violation**

For the first time, Plaintiff alleges a due process violation in the SAC. SAC at 1. In a single line, Plaintiff asserts that "my 5th and 14th Amendment rights which prohibits[sic] government from taking a person's life, liberty or property without due process of law was[sic] clearly violated." SAC at 1 (capitalization omitted). From this lone, conclusory sentence, the parameters of the alleged constitutional violation are not clear.

The Fifth Amendment's protections apply to the federal government and are applied to the states by way of the Fourteenth Amendment. See, e.g., *Malloy v. Hogan*, 378 U.S. 1, 6 (1964). Defendants here are not federal actors. Therefore, to the extent that the SAC asserts a claim solely based on the Fifth Amendment, it is dismissed with prejudice because the Fifth Amendment alone does not apply to Defendants.

The Fourteenth Amendment provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV. Plaintiff appears to allege that her due process rights were violated when Defendants did not allow her an opportunity to be heard about her positive drug test before rescinding their preliminary offer of employment. FAC at 2. However, this allegation does not state a legally cognizable Fourteenth Amendment cause of action. Simply put, Plaintiff never received a final offer of employment from Defendants because she failed the school district's

required drug test. Plaintiff has not provided, nor could the Court find any, caselaw that finds a revoked conditional offer of employment provides a person with a due process right to be heard. Therefore, Plaintiff's due process claim is dismissed with prejudice.

### D. First Amendment

Finally, and also for the first time, Plaintiff alleges a First Amendment violation in the SAC. Plaintiff appears to base her First Amendment claim on the availability of public access to the judicial records and documents concerning her case. The SAC provides: "NOW MY NAME IS PLASTERED ON THE INTERNET AS HAVING A DRUG PROBLEM . . . 1st AMENDMENT HAS BEEN DEFEATED IN THIS CAUSE." SAC at 3.

The First Amendment states that "Congress shall make no law . . . abridging the freedom of speech, or of the press . . . ." U.S. Const. amend. I. Freedom of speech and of the press, as fundamental rights, apply to the states through the due process clause of the Fourteenth Amendment. *Gitlow v. People of State of New York*, 268 U.S. 652, 666 (1925). Plaintiff's First Amendment claim, however, is contrary to First Amendment principals. "The public's right of access to at least some judicial proceedings is now beyond peradventure." *United States v. Smith*, 776 F.2d 1104, 1107 (3d Cir. 1985). Further, the Third Circuit has "also found that these societal interests and a long history of public access mandated recognition of a First Amendment right of access to *civil* trials." *Id.* (citing *United States v. Criden,* 648 F.2d 814 (3d Cir.1981)). And that as to documents, specifically, there is "a federal common law right of access to certain documents in the possession of a district court." *Smith*, 776 F.2d at 1109.

Here, Plaintiff availed herself of the right to have access to the courts. She chose to file a Complaint, First Amended Complaint, and Second Amended Complaint. Plaintiff appears to be claiming that she is the victim of her own speech and court filings. Such a claim makes no logical

9

sense and, certainly, does not state a cause of action against Defendants. Therefore, Plaintiff's First Amendment claim is dismissed with prejudice.

### E. Leave to Amend

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. In light of the fact that this is Plaintiff's third time amending her Complaint and that the SAC comes no closer than previous complaints to stating a plausible cause of action against Defendants, the Court finds that any further attempt to amend would be futile.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (D.E. 30) is **GRANTED**. The Court further finds that any further amendment would be futile. Therefore, Plaintiff's Second Amended Complaint is dismissed with prejudice. A dismissal with prejudice means that Plaintiff is precluded from filing any future suit against Defendant concerning the allegations in the Second Amended Complaint. An appropriate Order accompanies this Opinion.

Dated: June 1, 2018

                                                                   John Michael Vazquez, U.S.D.